IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FASTVDO LLC,<br><br>        Plaintiff,<br><br>v.<br><br>TECHNICOLOR, INC. and<br>TECHNICOLOR USA, INC.<br><br>        Defendants. | Civil Action No.<br><br>DEMAND FOR JURY TRIAL |

## COMPLAINT

Plaintiff FastVDO LLC ("FastVDO") alleges as follows:

### PARTIES

1. FastVDO is a Florida limited liability corporation with a principal place of business at 750 N. Atlantic Ave., Cocoa Beach, FL 32931.

2. On information and belief, Technicolor, Inc. is a Delaware corporation with a principal place of business at 6040 Sunset Boulevard, 6th Floor, Hollywood, CA 90028.

3. On information and belief, Technicolor USA, Inc. is a Delaware corporation with a principal place of business at 101 West 103rd Street, Indianapolis, Indiana 46290. Technicolor, Inc. and Technicolor USA, Inc. are collectively referred to as "Technicolor".

### JURISDICTION AND VENUE

4. This is an action for patent infringement arising under the patent laws of the United States of America, 35 U.S.C. § 1, *et seq.*, including § 271. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Technicolor because, among other reasons, Technicolor is incorporated under the laws of the State of Delaware, and Technicolor has conducted and continues to conduct regular and ongoing business in Delaware. Additionally, on information and belief, Technicolor has committed direct and indirect acts of infringement in this District by making, using, importing, offering for sale, and/or selling

infringing products, and inducing others to perform method steps claimed by FastVDO's patent in Delaware.

6.    Venue is proper in this district under 28 U.S.C. §§ 1391(b)-(c) and 1400(b) because, among other reasons, Technicolor is incorporated under the laws of the State of Delaware, and Technicolor has conducted and continues to conduct regular and ongoing business in Delaware.  Additionally, on information and belief, Technicolor has committed direct and indirect acts of infringement in this District by making, using, importing, offering for sale, and/or selling infringing products, and inducing others to perform method steps claimed by FastVDO's patent in Delaware.

## COUNT I

### (Infringement of U.S. Patent No. RE 40,081)

7.    FastVDO is the owner by assignment and merger of United States Patent No. RE 40,081 ("the '081 patent"), entitled "Fast Signal Transforms With Lifting Steps."  The '081 patent reissued on February 19, 2008, based on an initial application filed December 16, 1998.  A true and correct copy of the '081 patent is attached hereto as Exhibit A.  The '081 patent enables digital video compression through the coding and decoding of blocks of digital image intensities with a block coder and transform coder that utilizes an invertible linear transform having a +/-1 butterfly step, a lifting step, and a scaling factor.   International Telecommunications Union – Telecommunication Standardization Sector (ITU-T) H.264 (also known as MPEG-4 Part 10, Audio Video Coding or AVC) (herein "H.264" or "MPEG-4 AVC") is a video compression standard that performs digital image compression by coding and decoding blocks of digital image intensities with a block coder and with a transform coder that includes an invertible linear transform, which is representable as a cascade using at least one +/-1 butterfly step, at least one lifting step, and at least one scaling factor.  The FastVDO patent is essential to the H.264 standard, and it was properly identified to the International Telecommunications Union on May 14, 2003, before the promulgation of the H.264 standard in March 2005.

8.      On information and belief, in violation of one or more provisions of 35 U.S.C. § 271, Technicolor has infringed one or more claims of the '081 patent by making, using, importing, selling, or offering to sell digital media devices, software, equipment, videos and services that use H.264 to code and/or decode video, including, but not limited to, Home Network Media Tablet, Media Touch 2, DSI803 HD DVR Set-Top Box, the Tiger AVC encoding system, and its BD/DVD Compression & Authoring services.  Additionally, Technicolor has had knowledge of the '081 patent since at least November 8, 2012,[1] or alternatively since being served with this complaint, and Technicolor has induced others, such as its customers and/or consumers of H.264 content produced by its customers, to code and/or decode video with H.264 and practice the method steps of the '081 patent with its marketing materials, advertising materials, manuals and customer support services since at least this time.  For example, the marketing material for Technicolor's Home Network Media Tablet explains that this product "provides a new and exciting way for end-users to enjoy entertainment, information, communication services and much more anywhere in their home." *See* Home Network Media Tablet product brief at 2 (attached hereto as Exhibit C).  The H.264 video encoding and decoding capabilities of the Home Media Network Media Tablet are featured in its technical specification.  *Id.* at 7.  Similarly, the marketing material for Technicolor's DSI803 Satellite Set-Top Box explains that an H.264 codec is used to provide highest quality video.  *See* DSI803 HD DVR MPEG-4 Satellite Set-Top Box product brief at 1 ("Use of a wide range of video codecs, including MPEG-4 (H.264) in both standard and high-definition (SD and HD) for highest video quality.") (attached hereto as Exhibit D).  Additionally, Technicolor encodes video using H.264 for its customers and causes consumers of digital content to decode these with H.264 for viewing.  *See* Blu-Ray/DVD Compression and Authoring services product brief (attached hereto as Exhibit E) ("Technicolor continues to lead the way in pioneering Blu-Ray and DVD technology. … Technicolor serves its customers as a leading-edge provider of

---

[1] *See* Exhibit B.

equipment, including the Tiger AVC encoder, the BD test center and JIVE author.").[2] These marketing and technical materials exemplify how Technicolor induces its customers to use its accused products to code and/or decode videos with H.264, and/or code digital images with H.264 and transmit these compressed videos to others for decoding and viewing to perform the method steps of the '081 patent (e.g., coding and decoding blocks of digital image intensities with a block coder and transform coder that utilizes an invertible linear transform having a +/-1 butterfly step, a lifting step, and a scaling factor). By continuing the representative aforementioned activities with knowledge of the '081 patent and its essentiality to the H.264 standard, Technicolor has known, or should have known, that it was inducing infringement by causing the method steps of the '081 patent to be performed.

## PRAYER FOR RELIEF

FastVDO prays for the following relief:

1. A judgment that Technicolor has directly infringed (either literally or under the doctrine of equivalents) one or more claims of the '081 patent;

2. A judgment that Technicolor has induced the infringement of one or more claims of the '081 patent;

3. A permanent injunction enjoining Technicolor and its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert or participation with them, from infringing each of the '081 patent;

4. An award of damages resulting from Technicolor's acts of infringement in accordance with 35 U.S.C. § 284;

5. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to FastVDO its reasonable attorneys' fees;

---

[2] *See also* http://broadcastengineering.com/hdtv/tiger-grabs-hd-dvd-blu-ray-compression-tail (interview with general manager of the research labs were the Tiger encoder was developed) ("I think we've moved the bar up a little bit in terms of video quality for H.264 and consumers.") (attached hereto as Exhibit F).

6. A judgment and order requiring Technicolor to provide an accounting and to pay supplemental damages to FastVDO, including without limitation, pre-judgment and post-judgment interest; and

7. Any and all other relief to which FastVDO may show itself to be entitled.

## DEMAND FOR JURY TRIAL

FastVDO demands a trial by jury on all issues so triable.

Dated: November 9, 2012                              FARNAN LLP

                                                           /s/ Brian E. Farnan
                                             Joseph J. Farnan, III (Bar No. 3945)
                                             Brian E. Farnan (Bar No. 4089)
                                             919 North Market Street, 12th Floor
                                             Wilmington, DE 19801
                                             (302) 777-0300
                                             bfarnan@farnanlaw.com

                                             *Attorneys for Plaintiff*
                                             *FastVDO, LLC*

Of Counsel:

Alexander C.D. Giza
Marc A. Fenster
Kevin P. Burke
RUSS, AUGUST & KABAT
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA  90025-1031
(310) 826-7474
agiza@raklaw.com
mfenster@raklaw.com
kburke@raklaw.com