IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FASTVDO LLC,<br><br>               Plaintiff,<br><br>    v.<br><br>TECHNICOLOR, INC., and<br>TECHNICOLOR USA, INC.<br><br>               Defendants. | Case No. 1:12-cv-01429-RGA<br><br><u>JURY TRIAL DEMANDED</u> |

**TECHNICOLOR, INC. AND TECHNICOLOR USA, INC.'S
ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS TO
PLAINTIFF FASTVDO LLC'S COMPLAINT**

Pursuant to Federal Rules of Civil Procedure, Rule(s) 12 and 13, and the Court's Order granting the joint stipulation for extension of time to answer [D.I. 4], Defendants Technicolor, Inc. and Technicolor USA, Inc. ("Technicolor") hereby set forth their Answer, Affirmative Defenses and Counterclaims to Plaintiff FastVDO LLC's ("FastVDO") Complaint filed November 9, 2012, as follows:

**ANSWER TO COMPLAINT**

Except as specifically admitted, Technicolor denies each and every allegation contained in the Complaint and denies that FastVDO is entitled to any of the relief requested in its Prayer for Relief.

**PARTIES**

1. Technicolor lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint, and therefore denies them.

1

2.      Technicolor, Inc. admits that it is a corporation organized under the laws of the state of Delaware. Technicolor admits that it maintains a place of business located at 6040 Sunset Boulevard, 6th Floor, Hollywood, CA 90028.

3.      Technicolor USA, Inc. admits that it is a corporation organized under the laws of the state of Delaware. Technicolor USA, Inc. admits that it maintains a place of business located at 101 West 103rd Street, Indianapolis, Indiana 46290.

## JURISDICTION AND VENUE

4.      Technicolor admits that FastVDO has made a claim of patent infringement under Title 35 and that this Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a). Except as expressly admitted, Technicolor denies the remaining allegations in Paragraph 4 of the Complaint.

5.      Technicolor admits that Technicolor, Inc. and Technicolor USA, Inc. are incorporated in the state of Delaware, and that this court has personal jurisdiction over Technicolor. Except as specifically admitted, Technicolor denies the other allegations contained in paragraph 5. Technicolor specifically denies that it has committed any infringing acts, direct or indirect, in this District or in any other District of the United States. Technicolor further specifically denies that it has induced any third parties to perform any patented methods, or steps of any methods allegedly covered by U.S. Reissued Patent No. RE40,081 ("the '081 Patent").

6.      Technicolor admits that venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b), (c), and 1400 (b). However, Technicolor denies that the District of Delaware is a convenient forum and denies that the interest of justice would best be served by litigating this action in the District of Delaware. Technicolor admits that its products may be offered for sale, sold, purchased and/or used in the State of Delaware, but denies that any Technicolor products

infringe the '081 Patent. Technicolor further denies that it has committed any acts of patent infringement in the state of Delaware or in any other District of the United States. Technicolor further specifically denies that it has induced any third parties to perform any patented methods, or steps of any methods allegedly covered by the '081 Patent.

## CAUSE OF ACTION

7.      Paragraphs 1 through 6 above are incorporated by reference as if fully stated herein. Except as specifically admitted, Technicolor denies the allegations contained in paragraphs 1 through 6 of plaintiff's Complaint. Technicolor admits that a copy of U.S. Reissued Patent No. RE40,081 is attached as Exhibit A to the Complaint. Technicolor further admits that U.S. Reissued Patent No. RE40,081 states on its face that: (a) it is entitled "Fast Signal Transforms With Lifting Steps" and (b) it was reissued on February 19, 2008. Technicolor further admits that the International Telecommunications Union ("ITU") has issued a video compression standard known as H.264 (also known as MPEG-4 Part 10, Audio Video Coding or AVC) (herein "H.264" or "MPEG-4 AVC"). Technicolor lacks sufficient information to form a belief as to whether the '081 Patent is essential the H.264 standard, and therefore denies the same. Technicolor lacks sufficient information to form a belief regarding whether the '081 Patent was properly identified to the ITU on May 14, 2003, and therefore denies this allegation. Technicolor admits that the '081 Patent states on its face that it is assigned to FastVDO LLC, however Technicolor lacks sufficient information to form a belief as to the truth of the allegation that FastVDO is the owner of the '081 Patent by assignment and merger, and therefore denies this allegation. Except as expressly admitted, and to the extent any response is required, the remaining factual allegations contained in Paragraph 7 of the Complaint are denied.

8. Technicolor admits that it has sold, offered to sell, or marketed products and services including the Home Network Media Tablet, Media Touch 2, DSI803 HD DVR Set Top Box, The Tiger AVC Encoding System, and the BD/DVD Compression & Authoring Services, but denies that these products and services infringe the '081 Patent.  Technicolor admits that it had knowledge of the '081 Patent at least at the time the complaint was served.  Technicolor admits producing certain marketing materials related to the accused products, but denies that these materials or any other acts by Technicolor have induced any Technicolor customers to infringe the '081 Patent.  Except as expressly admitted, and to the extent any response is required, the remaining factual allegations contained in Paragraph 8 of the Complaint are denied.

## RESPONSE TO PRAYER FOR RELIEF

Technicolor denies that FastVDO is entitled to any of the relief sought in its prayer for relief against Technicolor on account of any action or omission of Technicolor.  FastVDO's prayer should, therefore, be denied in its entirety and with prejudice.  Technicolor asks that judgment be entered for Technicolor and that this action be found to be an exceptional case under 35 U.S.C. § 285 entitling Technicolor to be awarded attorneys' fees in defending against FastVDO's Complaint, together with such other and further relief that the Court deems appropriate.

## AFFIRMATIVE DEFENSES

By asserting the following defenses, Technicolor does not assume any burden of proof for any stated defense on which FastVDO bears the burden, including without limitation infringement.  Pursuant to Federal Rule of Civil Procedure 8(c), Technicolor asserts the following additional defenses to FastVDO's Complaint:

**FIRST AFFIRMATIVE DEFENSE**
**(Noninfringement)**

1. Technicolor does not infringe and has not infringed, either directly or by inducing infringement of others, by contributing to the infringement of others, or at all, any claim of the '081 Patent.

**SECOND AFFIRMATIVE DEFENSE**
**(Invalidity)**

2. Each claim of the '081 Patent is invalid for failure to meet one or more conditions and requirements for patentability specified in Title 35, United States Code, including without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112.

**THIRD AFFIRMATIVE DEFENSE**
**(Indirect Infringement - Failure to State a Claim)**

3. FastVDO has failed to plead its claims of indirect infringement [*i.e.* - inducement under 35 U.S.C. §271(b) and/or contributory infringement under 35 U.S.C. §271(c)] with sufficient specificity or factual support to place Technicolor on notice of the claims Plaintiff is asserting against it. As such, Plaintiff has failed to properly state a claim for indirect infringement upon which relief can be granted.

**FOURTH AFFIRMATIVE DEFENSE**
**(Prosecution History Estoppel)**

4. On information and belief, FastVDO is barred, under the doctrine of Prosecution History Estoppel, from construing the claims of the '081 Patent in such a way as may cover any of Technicolor's products or processes by reasons of amendments and/or statements made to the United States Patent and Trademark Office ("USPTO") during the prosecution of the applications that led to the issuance of the respective patents.

### FIFTH AFFIRMATIVE DEFENSE
### (Limitation on Damages/Failure to Mark)

5. On information and belief, FastVDO's claims for damages for purported patent infringement are limited by 35 U.S.C. §§ 286 and/or 287. On information and belief, FastVDO's purported claims for relief concerning the '081 Patent are limited by failure to comply with the marking and notice requirements of 35 U.S.C. § 287(a).

### SIXTH AFFIRMATIVE DEFENSE
### (Unenforceability - Implied Waiver & Estoppel)

6. On information and belief, Pankaj Topiwala, acting on behalf of plaintiff FastVDO, participated in the Telecommunication Standardization Section of the International Telecommunications Union ("ITU"), and made submissions to the ITU related to the development of the H.264 AVC video coding standard.

7. On information and belief, the ITU requires participants to disclose "any known patent or any known pending patent application" essential to the implementation of an ITU standard.

8. On information and belief, Pankaj Topiwala disclosed to the ITU that FastVDO was the owner of allegedly essential patents related to the H.264 AVC standard.

9. On information and belief, Pankaj Topiwala and FastVDO failed to timely disclose the pending reissue application No. 10/629,303 which ultimately issued as the '081 Patent.

10. On information and belief, the ITU requires participating members who hold essential patents related to an ITU standard to offer to grant licenses to such essential patents either (1) at no cost or, (2) on reasonable and non-discriminatory ("RAND") terms.

11. On information and belief, Pankaj Topiwala and FastVDO were aware of the licensing obligation required for participants in the ITU AVC standards body.

6

12. On information and belief, in or about January of 2002, Pankaj Topiwala and FastVDO made a submission representing to the ITU that FastVDO owned IP related to transform and quantization technology for advanced video coding, and stated that FastVDO "agrees conditionally to license this technology at no cost, conditioned on a mutual agreement with other IPR holders in the H.26L/JVT Codec." [JVT-B103].

13. On information and belief, counsel for FastVDO sent a letter to Technicolor on November 8, 2012, informing Technicolor of alleged infringement of the '081 Patent.

14. On November 9, 2012, only one day after sending the notice letter, and without any good faith effort to negotiate licensing terms for the '081 Patent, counsel for FastVDO filed its complaint for patent infringement, in violation of its obligations under the ITU licensing agreement and in violation of FastVDO's prior representations regarding its willingness to license the '081 Patent on a no-cost basis.

15. On information and belief, FastVDO's claims are thus barred, in whole or in part, by the equitable doctrines of Implied Waiver and/or Estoppel.

**SEVENTH AFFIRMATIVE DEFENSE**
**(Breach of Contract)**

16. On information and belief, by bringing its action for infringement, FastVDO has breached its contractual obligation to offer to license the '081 Patent on fair, reasonable, and non-discriminatory terms.

17. On information and belief, Pankaj Topiwala, acting on behalf of plaintiff FastVDO, participated in the Telecommunication Standardization Section of the International Telecommunications Union ("ITU"), and made submissions to the ITU related to the development of the H.264 AVC video coding standard.

7

18. On information and belief, the ITU requires participants to disclose any "essential patents" related to the implementation of an ITU standard.

19. On information and belief, Pankaj Topiwala disclosed to the ITU that FastVDO was the owner of allegedly essential patents related to the H.264 AVC standard.

20. On information and belief, the ITU requires participating members who hold essential patents related to an ITU standard to offer to grant licenses to such essential patents either (1) at no cost or, (2) on reasonable and non-discriminatory ("RAND") terms.

21. On information and belief, Pankaj Topiwala and FastVDO were aware of the contractual licensing obligation required for participants in the ITU AVC standards body.

22. On information and belief, in or about January of 2002, Pankaj Topiwala and FastVDO made a submission representing to the ITU that FastVDO owned IP related to transform and quantization technology for advanced video coding, and stated that FastVDO "agrees conditionally to license this technology at no cost, conditioned on a mutual agreement with other IPR holders in the H.26L/JVT Codec." [JVT-B103].

23. On information and belief, counsel for FastVDO sent a letter to Technicolor on November 8, 2012, informing Technicolor of alleged infringement of the '081 Patent.

24. On November 9, 2012, only one day after sending the notice letter, and without any good faith effort to negotiate licensing terms for the '081 Patent, counsel for FastVDO filed its complaint for patent infringement, in violation of its contractual obligations under the ITU licensing agreement and in violation of FastVDO's prior representations regarding its willingness to license the '081 Patent on a no-cost basis.

25. Defendant Technicolor is an ITU member, and therefore a direct beneficiary of the contract between FastVDO and the ITU. In the alternative, on information and belief,

Defendant Technicolor is a third-party beneficiary of the contract between FastVDO and the ITU.

26. On information and belief, by bringing its action for infringement, FastVDO has breached its contractual obligation to offer to license the '081 Patent either (1) at no cost, or (2) on fair, reasonable, and non-discriminatory terms.

## EIGHTH AFFIRMATIVE DEFENSE
### (No Right to Injunctive Relief)

FastVDO's claim for injunctive relief is barred because there exists an adequate remedy at law and FastVDO's claims otherwise fail to meet the requirements for such relief.

## ADDITIONAL AFFIRMATIVE DEFENSES

Technicolor expressly reserves the right to assert additional affirmative and other defenses to which it is entitled, and further reserves the right to amend or supplement its affirmative defenses as the case progresses or as Technicolor obtains further information.

## COUNTERCLAIMS OF TECHNICOLOR AGAINST FASTVDO

Technicolor, Inc. and Technicolor USA, Inc. ("Technicolor") hereby allege the following Counterclaims against FastVDO, LLC ("FastVDO"). The following are counterclaims for a declaratory judgment of non-infringement and/or invalidity of the Asserted Patent U.S. Reissued Patent No. RE40,081 ("the '081 Patent").

Technicolor, for its counterclaims herein, alleges as follows:

## PARTIES

1. Counter-claimant Technicolor, Inc. is a Delaware corporation with a place of business at 6040 Sunset Boulevard, 6th Floor, Hollywood, CA 90028.

2.     Counter-claimant Technicolor USA, Inc. is a Delaware corporation with a place of business at 101 West 103rd Street, Indianapolis, Indiana 46290.

3.     On information and belief, FastVDO is a Florida limited liability corporation with a place of business at 750 N. Atlantic Ave., Cocoa Beach, FL 32931

**JURISDICTION AND VENUE**

4.     These counterclaims seek declaratory and injunctive relief under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 & 2202. The Court thus has subject matter jurisdiction of such claims pursuant to 28 U.S.C. § 1331 and 1338 as these counterclaims arise under the Patent Laws of the United States, set forth at 35 U.S.C. § 101 et seq.

5.     This Court has personal jurisdiction over Counter-defendant FastVDO because FastVDO submitted to the jurisdiction of this Court by filing its Complaint against Technicolor in this District.

6.     Venue is proper in this judicial district because these claims are being brought as compulsory counterclaims pursuant to Fed. R. Civ. P. 13(a), and under 28 U.S.C. §§ 1391(b) and (c) and 1400(b) because the claims set forth herein involve federal questions of United States Patent Law.

**NATURE OF THE ACTION**

7.     On November 9, 2012, FastVDO filed a Complaint against Technicolor, designated as Civil Action No. 1:12-cv-01429-RGA, alleging that by making, using, selling, offering to sell and/or importing within the United States devices and/or software, Technicolor has infringed, directly and/or indirectly, the '081 Patent. An actual case or controversy between the parties exists because FastVDO has alleged and is alleging infringement of the '081 Patent by Technicolor and because Technicolor denies those assertions.

## FIRST COUNTERCLAIM
**(Declaratory Judgment of Non-Infringement)**

8.     An actual, continuing and justiciable controversy exists between Technicolor and FastVDO as to the non-infringement of the '081 Patent, as evidenced by FastVDO's Complaint and Technicolor's Answer to that Complaint, as set forth above.

9.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Technicolor requests a judicial determination and declaration that Technicolor has not infringed and is not infringing any claim of the '081 Patent, directly or indirectly, literally or under the doctrine of equivalents.

## SECOND COUNTERCLAIM
**(Declaratory Judgment of Invalidity)**

10.    An actual, continuing and justiciable controversy exists between Technicolor and FastVDO as to the invalidity of the '081 Patent, as evidenced by FastVDO's Complaint and Technicolor's Answer to that Complaint, as set forth above.

11.    Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Technicolor requests a judicial determination and declaration the '081 Patent is invalid for failure to meet one or more conditions and requirements for patentability specified in Title 35, United States Code, including without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112.

## DEMAND FOR A JURY TRIAL

Technicolor hereby demands trial by jury for all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Technicolor prays for a declaration and judgment against Plaintiff as follows:

  A.  that FastVDO's Complaint be dismissed with prejudice;

  B.  that FastVDO be denied any and all relief it has requested in its Complaint;

  C.  that the Court deny any preliminary or permanent injunctive relief in favor of FastVDO and against Technicolor;

  D.  that FastVDO shall take nothing by way of its Complaint;

  E.  that Technicolor has not infringed and is not infringing any claim of the '081 Patent, directly or indirectly, literally or under the doctrine of equivalents;

  F.  that each and all of the claims of the '081 Patent are invalid;

  G.  that the Court finds that this case is an exceptional case under 35 U.S.C. § 285, and that FastVDO be required to pay costs of suit that Technicolor has incurred, including attorneys' fees and costs, pursuant to 35 U.S.C. § 285 and all other applicable statutes, rules and common law; and

  H.  that Technicolor be granted such other and further relief as this Court deems just and equitable.


Dated:  January 21, 2013	FISH & RICHARDSON P.C.

By: */s/ Thomas L. Halkowski*
Thomas L. Halkowski (#4099)
FISH & RICHARDSON P.C.
222 Delaware Avenue, 17th Floor
P.O. Box 1114
Wilmington, DE 19899-1114
Tel: (302) 652-5070
halkowski@fr.com

***Attorneys for Defendants and Counterclaimants Technicolor, Inc. and Technicolor USA, Inc.***